TRETHAWAY et al. v. W. B. BERTELS & SON CO.

(Circuit Court of Appeals, Third Circuit. July 6, 1910.)

No. 1,361.

PATENTS (§ 328*)—NOVELTY—CAN COVER-FASTENER.

The reissue, No. 12,629, of the Bertels patent, No. 802,677, for a can cover-fastener, *held* void for lack of patentable novelty, in view of the prior art.

Appeal from the Circuit Court of the United States for the Middle District of Pennsylvania.

Suit in equity by the W. B. Bertels & Son Company against William Trethaway, John Trethaway, Joseph Trethaway, Richard Trethaway, and Charles Trethaway. Decree for complainant (175 Fed. 971), and defendants appeal. Reversed.

E. T. Fenwick and Melville Church, for appellants.

David P. Wolhaupter, for appellee.

Before LANNING, Circuit Judge, and BRADFORD and McPHERSON, District Judges.

BRADFORD, District Judge. This is an appeal taken by William Trethaway, John Trethaway, Joseph Trethaway, Richard Trethaway and Charles Trethaway, from a decree of the Circuit Court of the United States for the middle district of Pennsylvania, in a suit in equity brought against them by the W. B. Bertels & Son Company for infringement of reissue letters patent of the United States No. 12,629, dated April 9, 1907, the same being a reissue of an original patent No. 802,677, dated October 24, 1905, for an alleged new and useful cover-fastener for cans. The original patent was granted to Charles E. Bertels and was by him assigned to the Wyoming Valley Trust Company, Trustee, and the reissue patent was granted to Bertels as assignor to that company as trustee. The title to the patent subse-

quently passed to the complainant below, appellee. The patent in suit contains four claims, all of which were sustained by the court below and held to have been infringed. They are as follows:

"1. The combination with a receptacle having a wired edge disposed on the inner side thereof, of a cover having inward-projecting bosses, fastening devices embodying buttons adapted to interlock with the edge, and rivets rigidly connected with the buttons and having nicked heads disposed within the bosses, the nicks being arranged lengthwise of the buttons.

"2. The combination with a receptacle having an inturned rolled edge, of a cover, cover-fastening devices including buttons adapted to interlock with said inturned edge, and button-carrying members having nicked operating-heads shaped to indicate the positions of the buttons and bearing a definite relation thereto.

"3. The combination with a receptacle having an inturned edge, of a flat cover stamped to form inward-projecting bosses, fastening devices embodying buttons adapted to interlock with the inturned edge, and button-carrying members having tool-engaging heads disposed within the bosses and shaped to indicate the positions of the buttons.

"4. The combination with a receptacle having an inturned edge, of a flat cover having inward-extending bosses and fastening devices embodying buttons adapted to lock with the inturned edge, and button-carrying members having operating-heads located wholly within said recesses."

In the description of the patent in suit Bertels, among other things, says:

"This invention relates to cover-fastenings for cans. The object of the invention is to dispense with the employment of screw-threads, hinges, and hasps, and staples, and other equivalent forms of fastening devices for holding a cover upon a can, and in lieu thereof to provide a simple and thoroughly efficient form of fastening device which may be readily applied to the cover and which by interlocking with the edge or rim portion of the can will be positive in holding the cover and can assembled; furthermore, to obviate the formation of obstructions or extended parts in the fastening device, whereby damage thereto will be positively prevented. * * * The present invention is described as used in connection with a metallic can, such as employed in the shipping of lard; but it will be obvious that the locking device will be adaptable for use in connection with cans or receptacles for holding other materials and also cans constructed on other lines than that shown."

The patented mechanism may be generally described as consisting of a can with an inwardly projecting rim or bead running around on the inside of the upper edge, and in such position as to be engaged by the locking device, which consists of an oblong strip of metal with an opening in it to be engaged by the shank of a rivet having a head with a nick or slot disposed longitudinally of the button, the nick or slot serving at once as a means of turning the button and to indicate by its line of direction whether the button is or is not in engagement with the bead of the can. There is a depression or boss in the cover in which the head of the rivet rests in order that it may not extend above the plane of the cover and thereby interfere with the labeling of the can or prevent the "piling of the cans one on the other without denting the bottoms or possibly damaging the locking devices." The button which is engaged by the shank of the rivet is just beneath the bottom of the depression or boss and at such a level as will permit its engagement with the bead or inwardly projecting rim of the can in such manner as to produce "sufficient frictional resistance between the button and the bead to prevent the former from accidentally working

loose." The cover is to be provided with as many locking devices as may be found necessary or desirable.

The defendants below, appellants, attack the validity of the reissue, deny infringement and challenge the validity of the patent for want of novelty. It is unnecessary to discuss the question of infringement or that relating to the reissue, as we are clearly of opinion that the invention was devoid of patentable novelty. The presumption of validity arising from the grant of letters patent is of no avail where the prior art excludes all reasonable assumption of novelty or the exercise of inventive genius. Utility alone cannot support the patent monopoly. In this case the prior art, if not operating by way of direct anticipation of the combinations of the several claims, left no room for the exercise of inventive genius or the display of patentable novelty with respect to them. No discussion of the subject at length or in detail is required. There are many patents so clearly disclosing the prior art as to negative beyond question any patentable novelty in the alleged invention. Among them are English patent No. 10,410 to Turner, English patent No. 1,478 to Mauser, and the following United States patents: No. 362,920 to Schandein, No. 388,992 to C. & E. H. Morgan, and No. 589,780 to Howard.

For the reasons given the decree of the court below must be reversed, with costs; and it is so ordered.